**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-21695-ALTMAN/LETT

**TYLER ULRICH**,

Plaintiff,

v.

**CITY OF MIAMI,**

Defendant.
_________________________________/

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

The Honorable Roy K. Altman has referred this matter for a settlement conference before the undersigned United States Magistrate Judge. The Court hereby **ORDERS** as follows:

1. **Conference Date.** The settlement conference will be held on **September 10, 2025**, at **10:00 A.M**. The settlement conference will be conducted in person at the C. Clyde Atkins United States Courthouse, 10th Floor, 301 North Miami Avenue, Miami, Florida, 33128. The settlement conference will not be continued absent a motion filed in advance of the settlement conference and a showing of compelling circumstances. Any motion for a continuance must include at least three alternative dates on which all counsel and parties are available for a rescheduled settlement conference.

2. **Attendance.** All Parties, corporate representatives, and their counsel of record shall attend the Settlement Conference. All persons named as individual

parties shall be present and each entity shall have a party representative(s) present with complete authority to bind the party up to and including the full amount claimed as damages plus any applicable attorney's fees and costs. A person with complete authority is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference. All attendees must be prepared to engage in continuous and good faith negotiations until either a resolution is reached or the Court declares an impasse.

3. **Insurer Attendance.** In the event that a monetary settlement would be payable from proceeds of an insurance policy, a claims professional/representative(s) from the Party's insurer with full and final authority to authorize payment to settle the matter up to the full limits of the Party's policy(ies) shall be present. Having an appropriate party available by telephone will not be acceptable. Failure of a party representative, who has full and final authority to make and accept offers of settlement, to attend this Settlement Conference may result in the undersigned's *sua sponte* recommendation that sanctions be entered against the offending party.

4. **Interpreters. The Court does not provide interpreters for civil cases. If an attendee does not speak fluent English, the party requiring an interpreter must arrange the attendance of a certified interpreter and incur the cost of the same. The Parties may not share an interpreter.**

5. **Pre-Conference Settlement Efforts.** Prior to the settlement conference, the parties must negotiate and make a good faith effort to settle this case without the Court's involvement. In the event that the case settles before the

settlement conference, the parties must immediately advise Chambers by email at Lett@flsd.uscourts.gov, as well as comply with Local Rule 16.4.

6. **Confidential Settlement Memoranda.** No later than **three (3) business days prior to the Settlement Conference**, each party (or party's counsel) must email to Chambers at Lett@flsd.uscourts.gov a **confidential statement**, consisting of a short summary of the procedural posture of the case and a description of the specific claims still at issue, including each Party's evidentiary support and defenses. The Parties should also include any other details they believe are important to achieving a settlement in this case. The confidential statement shall be more than a mere summary of the complaint or the affirmative defenses. It should advise the undersigned Magistrate Judge of the Party's position on the strengths of that Party's own case and the weaknesses of the opponent's position, as well as all settlement negotiations including the result of the pre-conference settlement efforts. The confidential settlement memorandum shall be no more than ten pages. This statement will be confidential. Only the undersigned Magistrate Judge and the law clerk working on the case will review it.

7. **Pre-Conference Client Meeting.** Each counsel is required to meet (either in person or by phone) with their client(s) regarding settlement at least **five (5) days** prior to the Settlement Conference. Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or

the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before the settlement conference.

8. **Computation of Damages.** At least **four (4) days** prior to the Settlement Conference, Plaintiff shall submit to Defendant an itemized computation of the alleged damages and the method by which it was calculated, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Plaintiff shall provide the undersigned Magistrate Judge with a copy of this computation at the beginning of the Settlement Conference.

9. **Conference Format.** The Court will generally use a mediation format: a joint session with opening presentations by the Court and optional opening presentations by each side followed by private caucusing by the Court with each side. The Court expects counsel and all party representatives to be fully prepared to participate.

10. **Privacy and Confidentiality**. The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited. See 28 U.S.C. § 652(d). All participants and attendees in this mediation agree that all communications related to the mediation, and all negotiations and settlement discussions, communicated in any medium, are private and confidential, and are not admissible at trial.

11. **Absolute Prohibition on Recording.** You, or anyone on your behalf, may NOT audio or video record any mediation session or portion thereof. If you learn of an audio or video recording of any session, you shall take immediate measures to destroy the recording and will not disseminate the recording to third parties. You further agree that you will not transmit a live or deferred video or audio relay of the mediation sessions to third parties.

**DONE and ORDERED** in Chambers in Miami, Florida this 25th day of August, 2025.

Enjolique A Lett

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of record